

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

NO. AP-76,809

Ex parte MICHAEL DEE HOWARD, Applicant

ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 4321-A IN THE 216TH DISTRICT COURT
FROM GILLESPIE COUNTY

KELLER, P.J., delivered the opinion of the Court in which PRICE, WOMACK, JOHNSON, HERVEY, COCHRAN, and ALCALA, JJ., joined. KEASLER, J., filed a dissenting opinion. MEYERS, J., did not participate.

This is an application for a writ of habeas corpus. The habeas judge originally recommended that we grant relief in the form of a new trial because of counsel's deficient performance in failing to have mental-health experts appointed and in failing to properly investigate and present an insanity defense. We originally filed and set this application to determine whether applicant was prejudiced at the guilt phase of trial by counsel's deficient performance. We concluded that applicant was not prejudiced at the guilt phase because Texas law prevents the consideration at guilt of evidence of

insanity caused by voluntary intoxication.[1]  But because Texas law allows consideration of such evidence at punishment, and the habeas judge had recommended granting relief, we remanded the proceeding to the habeas judge for findings of fact on whether applicant was prejudiced with respect to the issue of punishment.[2]  In his findings of fact and conclusions of law on remand, the habeas judge concludes that applicant was prejudiced with respect to the issue of punishment.  The record supports the habeas judge's conclusion in this regard.  Consequently, we grant applicant relief in the form of a new punishment hearing and remand this case to the trial court for that purpose.

Delivered: April 2, 2014
Publish

---

[1]  *Ex parte Howard*, No. AP-76, 809, slip op. at 15 (Tex. Crim. App. September 11, 2013) (not designated for publication).

[2]  *Id.* at 15-17.